TUCKER, Judge.
The question in this cause arises upon the same clause in Thomas Williamson’s will as is mentioned in the case of Goodwyn v. Taylor, 2 Wash. Rep. 74. Wilkins is the late husband and administrator of Sarah Cocke in that devise mentioned.
I conceive that two of the three questions upon this devise have already been decided by this court, in the case of Goodwyn v. Taylor, viz.
1.That the legacy to the four grand daughters was an absolute bequest of the testator’s whole property therein ; and not a bequest for life only (as was the case in Target v. Gaunt, 1 Wms. 432) with a power to appoint who should take the property after the legatees’ deaths.
2. That it was a bequest both of principal and interest in the certificates.
It remains to consider,
3. What is the effect of these words, which are applicable only to Sarah Cocke, and not to any other of the testator’s *grand children; and consequently have not yet received the interpretation of this court, viz. “And in case of the death of my grand daughter Sarah Cocke, without issue, I give her part to my grand daughter, Elizabeth Clements.”
The case of Target v. Gaunt was relied on to shew that this was a good limitation over to Elizabeth Clements, in the event of Sarah Cocke’s death without issue. But the court have already decided, in the case of Goodwyn v. Taylor, that this case is not like that, “A limitation to the first taker for life only, with a power of appointment by her will; and in case of a dying without issue, then a devise over.”
But the question is, Whether a limitation over of a personal thing, after the death of the first taker, without issue generally, is a good limitation?
It has been allowed, that if taken so as to exclude issue in infinitum, then the limitation over is void as to real, but a difference has been attempted as to personal chattels.
In the case of Beauclerk v. Dormer, 2 Atk. 302, in which this question was made upon these words in general Kirk’s will: “Miss Dormer I make my sole heir and executrix; if she dies without issue, then to go to George Beauclerk; he to pay lady D. B. ^500, to Betty Gibbs and her grand daughter ,£100 each, and Miss Dormer to keep the old woman, &c.” Lord Hardwicke said, “This is the very first time when it has been contended, that a limitation over of a personal thing is to receive such a construction by the court as to mean a dying without issue at the death of the party, notwithstanding there'are no words in the will that indicate this to be the testator’s intention,” p. 312.
And he further observes in the same case, “The general argument that the sense of the words, dying without issue, must, according to common parlance, mean without issue at the time of his death, is taken in, as an auxiliary in arguing these sort of cases; and that he does not know one instance, *where the determination has turned singly upon this particular point,” p. 313.
He decided accordingly, that the construction contended for in behalf of the plaintiffs, that this was a good limitation over to lord George Beauclerk, was not supported by any case whatever; that the words of that will being general and unrestrained, the limitation over was void, and could not be confined to Miss Dormer’s dying without issue living at the time of her decease, p. 315.
The limitation over, and the contingency of dying without issue, appear to me to be described perfectly in the same manner in this case, and in the case of Miss Dormer.
If it be said, that we are to infer that it must be a dying without issue living at *913 the time of Sarah Cooke’s death, because the limitation over is to Elizabeth Clements, and not to her and her heirs; we may-answer, the limitation over to lord G. Beauclerk is precisely the same; and the limitation to lady D. B., Betty Gibbs and her grand daughter might be relied on to shew that such was the testator’s intention. Besides the word, then, in general Kirk’s will might have been construed as still further explaining this intention, and at first created some doubts with lord Hardwicke. But he said that though, in a grammatical sense, this is an adverb of time, yet in limitation of estates, and framing contingencies, it is a word of reference, and relates to the determination of the first limitation. The words, and in case, may be construed in the same manner, and cannot be referred to any precise period of time.
In the case of Theebridge v. Kilburne, lord Hardwicke disregarded the word ‘‘immediately and said, that to lay such a stress upon that word, as to make it heirs of the body living at the time of her death, would be to make these limitations very precarious, from uncertain words thrown in by the drawer of the conveyance; there being no difference in saying immediately after, and from and after her decease. 2 Ves. 236.
But the case of Higginbotham v. Rucker, 2 Call, 313, in this court, in which the jury found that the plaintiff, in 1793, gave his daughter, the wife of the defendant, certain negroes to her and the heirs of her body, and in case she died -without issue, that his children of her body, the said negroes to return to the plaintiff; and that she died without issue ; is certainly a strong case against the authority in Beauclerk v. Dormer. But as that was the case of a living thing, which at that time was real estate, and was to return to the donor in his lifetime at furthest, I presume the court were influenced by these circumstances in the construction of the verdict of the jury. But the case of Dunn and wife v. Bray, 1 Call, 338, has been relied on, by the counsel for the appellee, as a parallel case to the present. The words of which are, ‘ ‘But in case my said son Winter should die, and leave no issue, then I give, &c.” This is precisely like the case of Forth v. Chapman, in which lord Hardwicke said, that lord Macclesfield laid a particular stress upon the penning of the will. “If either of his nephews William or Walter should depart this life, and leave no issue of their respective bodies.” These words he said must relate to the time of their deaths. 2 Atk. 313. And to this court have determined in the case referred to.
But here are no such expressions; but a mere dying without issue, generally, and without restriction.
On the authority of this decision in the case of Beauclerk v. Dormer, and of the former decision of this court, upon this very clause, I conceive the appellant is entitled to the legacy as administrator of Sarah Cocke, his late wife.
But should the court be of a different opinion, and affirm the chancellor’s decree as to this point, I think it should be without prejudice to the appellant’s claim under any assignment of Elizabeth Clements’s interest, which he may be able to establish hereafter.
*ROAHE, Judge.
Previous decisions in this court, and in the case of Goodwyn v. Taylor, on this very will, make the present case a short one.
In Goodwyn v. Taylor, the grand daughter Elizabeth was held to take an absolute property in the ,£1000 certificates bequeathed to her. Although the bequest to Sarah Cocke (wife of the appellant) is supposed to be reduced to an estate tail by the restrictive words preceding the limitation over of her portion, to Elizabeth Clements, it is still the same thing, as an estate tail in things personal gives the absolute dominion.
There is then only one question remaining in the cause; and that is, Whether the extent of the gift to Sarah is restrained by the limitation over to Elizabeth? In other words, Whether the limitation be good?
After the repeated discussions and decisions in this court on this point, and particularly in the cases of Hill v. Burrows, Tate v. Talley, Pleasants v. Pleasants, and Higginbotham v. Rucker, I need not waste words to say, that a limitation over in remainder to A. after the death of B. without issue, is void, as being too remote.
This court has never questioned the rule as laid down in Beauclerk v. Dormer, and referred to by Eearne as affording the standard; but, in the above mentioned cases, have supposed that circumstances necessarily importing restriction existed, which brought them within the reason off the cases considered as exceptions to that rule, and as abridging the extent of the words “without issue,” so as to bring the commencement of the remainder to an event within a legal and reasonable period. But this is a mere naked case, and no restrictive circumstance appears to limit the extent and operation of the words “death without issue.” The general rule must, therefore, prevail.
My opinion is, that the decree of the high court of chancery ought to be reversed, and a decree entered for the appellants.
DEEMING, Judge.
The only difference between this case and that of Goodwyn v. Taylor, is the limitation over to Elizabeth Clements upon Sarah Cocke’s dying without issue. Those words are general; and there is no expression in the will to shew, that the testator meant to confine it to issue living at her death. The words must therefore be construed to mean dying without issue generally; and then all the authorities shew that the contingency is too remote, and that the limitation over cannot be supported. I think, therefore, that the decree of the high court of chancery should be reversed.
CARRINGTON, Judge.
Upon revising my notes in Goodwyn v. Taylor, I am perfectly satisfied with the decision in that case; and I see little, or no difference, between the two cases, except that the words “in case of the death of Sarah Cocke without issue,” makes this a stronger case in *914 favour of the appellant, than that was in favour of Goodwyn. X am therefore of opinion, that the decree of the high court of chancery should be reversed, and that of the county court affirmed.
LYONS, President.
I think the case of Goodwyn v. Taylor was rightly decided; and that questions, of this sort, ought to be at rest. All the authorities prove that a limitation of personal estate, after an indefinite failure of issue, is void; and that the first devisee takes the whole, as property of that kind ought not to be locked up, and kept from the commerce of mankind; especially as it is liable to fluctuation and uncertainty, and difficult to be ascertained at a distant period. The devise is of one fourth of the interest to each of the daughters for life, with power to dispose of the principal and interest at their deaths, among their respective heirs; which, if the testator meant heirs general, necessaril}' gave the whole property, to each daughter in her own fourth; for a power to give to one’s heirs is ownership in effect: And it comes to the same thing, if he meant heirs *of the body; because that would have created an estate tail in lands, and consequently gave the absolute property in a personal thing. But the present limitation is particularly favourable to the first devisee: Por the words are, “In case of the death of my grand daughter Sarah Cocke without issue, I give her part to my grand daughter Elizabeth Clements.” Which, according to all construction, gave the absolute property to Sarah Cocke, as the words, “without issue,” would have created an estate tail in lands', and therefore transferred the absolute property in personalty. This construction is plainly most agreeable to the intention of the testator, who could not mean that the property should go over, if Sarah had children : and, as there is no time fixed for her issue to fail, the contingency was too remote to make it operate as an executory devise; for, to produce that effect, the contingency must be limited to a reasonable period; but this is indefinite; and, consequently, the devise over is void. I concur, therefore, with the rest of the court, that the decree of the high court of chancery should be reversed, and that of the county court affirmed-.